UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES PICKNEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2031 |
| | § | |
| EXPRESS AUTOMOTIVE GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

The plaintiff, James Pickney, brought suit for unpaid overtime wages against Express Automotive Group, Inc. ("Express Auto") under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 201 *et seq*. Pending before the Court is the defendant's motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket No. 17). The plaintiff filed a response (Docket No. 21) and Express Auto replied (Docket No. 23). Having reviewed the parties' submissions, the record and the applicable law, the Court determines that the defendant's motion should be GRANTED.

**II.     FACTUAL BACKGROUND**

James Pickney began working as a service technician for the defendant, a car maintenance service provider, in October 2010 and continued working there until his departure in March 2013. The terms and conditions of his employment are set forth in Express Auto's employee handbook. Pickney admits signing an acknowledgment form, dated October 8, 2010, affirming that he received a copy of the handbook and read it.

Among other things, the handbook establishes the company's work schedule, lunch break, time-keeping and overtime policies. According to the handbook, all employees are assigned a work schedule and expected to begin and end work according to the schedule. The handbook provides that all employees "will be deducted a 30-minute uncompensated meal period," to be taken at the scheduled time, for each day they work over seven hours. In the event that an employee is not able to break for lunch, the handbook requires that an employee submit written notice to the corporate office stating why the employee did not take lunch. An employee may take additional breaks at his or her manager's discretion. Overtime compensation, paid at a rate of 1 ½ times an employee's hourly wage, is available for all hours worked in excess of 40 hours during one workweek. A supervisor must authorize all overtime work in advance, however, and corrective action may be taken if an employee works overtime without prior authorization.

The time-keeping procedures established by the handbook require employees to accurately record and report their time for payroll and benefit purposes. Employees compensated an hourly wage must additionally record departures from work for any non-work related reason or for extended time taken over the 30 minutes deducted for lunch. If an employee believes that an error has been made on his or her time record, the employee must immediately report it to his or her supervisor, who is tasked with correcting any legitimate error.

Pickney, an hourly employee, was scheduled to work a shift from 9 a.m. until 6 p.m. He typically, but not always, worked a minimum 40-hour workweek. From time to time Pickney received overtime pay for working more than 40 hours during a particular week. He claims that in the 2 ½ years he worked at Express Auto he never took a 30-minute lunch break during his shift, however. Specifically, he asserts that he and his co-workers never "clocked out" for lunch

and, at management's direction, ate lunch at the shop, in between assisting customers. He further claims that although initially unaware of Express Auto's lunch break policy, sometime in 2011 he became aware that the defendant was regularly deducting 30 minutes from his time sheet for lunch. He admits that upon learning about the deduction, he took no steps to alert management, neither orally nor in writing, that he was working through lunch on a regular basis. Having never received the plaintiff's complaint, Express Auto never investigated his current claim and did not compensate him for the work he allegedly performed during lunch.

The plaintiff relies on the FLSA to recover overtime pay for every 30-minute lunch break deducted from his time sheet over the course of his employment. The defendant now moves for summary judgment.

### III.   CONTENTIONS OF THE PARTIES

#### A.   Express Auto's Contentions

Express Auto argues that the plaintiff has not established that he performed any uncompensated work, nor has he established the amount and extent of any such work by just and reasonable inference. It contends that the plaintiff has presented no documentary evidence to show that he worked through lunch or to contradict submitted payroll records indicating that the plaintiff took lunch in compliance with the handbook.[1] Express Auto additionally relies on declarations from assistant manager Jeremiah Cooper and two shop technicians, all of whom worked with Pickney on a regular basis and took daily lunch breaks themselves. These employees stated that they observed the plaintiff take a lunch break for at least 30 minutes each day, according to a rotating schedule depending on shop activity.

---

[1] The defendant also cites payroll records that show that the plaintiff periodically received overtime pay for extra work performed with the company's approval.

The defendant further argues that the plaintiff is unable to demonstrate that the company had actual or constructive knowledge that he was working through lunch without being compensated for it. It relies on the plaintiff's admission that he ignored the company's published policies and procedures for claiming reimbursement for missed meal breaks, and never complained about or reported unpaid hours related to missing lunch. Express Auto characterizes as wholly unsubstantiated and self-serving all contrary statements asserted by the plaintiff.

### B.     Pickney's Contentions

Pickney contends that summary judgment is not appropriate because genuine issues of fact exist regarding whether he took a 30-minute meal break during his shift, whether Express Auto knew that he was working through lunch without pay, and whether the defendant's payroll records are a reliable source for determining damages owed to him. The plaintiff relies solely on his own deposition testimony and averments he made in a post-deposition declaration to contradict the defendant's factual assertions. In those documents, Pickney states that he never took a 30-minute meal break; at least one manager, Eric Lair, knew that he regularly worked through lunch; and the defendant's payroll records are inaccurate insofar as they do not reflect all of the overtime work he performed.

### IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine

issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any declarations show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].' " *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].' " *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light

most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Id.* (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.     ANALYSIS AND DISCUSSION

The FLSA generally requires that employers engaged in commerce pay not less than 1 ½ times the regular rate to hourly employees for all hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a). Among other things, the FLSA, by its plain terms, provides a private right of action when an employer has failed to pay its employee time-and-one-half wages for a workweek longer than 40 hours. *Id.* at § 216(b). In this suit, the plaintiff seeks both compensatory and liquidated damages for the defendant's alleged violation of this provision.

An employee bringing a claim under the FLSA for unpaid overtime wages must establish that he performed work for which he was not compensated. *Harvill v. Westward Commc'n, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). To prevail, the plaintiff must prove: (1) the existence of an employment relationship; (2) that he was engaged in commerce or employed by an enterprise engaged in commerce; (3) that the defendant failed to pay him overtime; and (4) that

he is owed the amount claimed by a just and reasonable inference. *See* 29 U.S.C. § 207(a); *Jones v. Willy, P.C.*, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (Lake, J.) (citing *Harvill*, 433 F.3d at [441]).

The parties do not dispute that an employment relationship existed between them and that Express Auto did not pay the plaintiff for unreported overtime related to missing lunch. The Court must determine, however, whether sufficient evidence exists to prove that the plaintiff was "employed" by Express Auto during his lunch break—i.e., he performed actual work during that time and was not compensated for it. *See Harvill*, 433 F.3d at 441. It must also determine whether sufficient evidence exists to establish "the amount and extent of that work as a matter of just and reasonable inference." *Id.* (quoting *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).

For purposes of the FLSA, an employee is "employed" during the time for which he claims unpaid overtime if the employer "had knowledge, actual or constructive, that he was working." *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)); *see* 29 U.S.C. § 203(g) (defining "employ" to include "to suffer or permit to work"); *Harvill,* 433 F.3d at 441.[2] " 'An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation.' " *Newton*, 47 F.3d at 748 (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.,* 646 F.2d 413, 414 (9th Cir. 1981)); *see* 29 C.F.R. § 785.13 ("[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits

---

[2] "Constructive knowledge exists if an employer 'exercising reasonable diligence' would become aware that an employee is working overtime." *Garner v. Chevron Phillips Chem. Co., L.P.,* 834 F. Supp. 2d 528, 544 (S.D. Tex. 2011) (Harmon, J.) (citing *Von Friewalde v. Boeing Aerospace Operations, Inc.,* 339 F. App'x 448, 455 (5th Cir. 2009)).

without compensating for them."). "An employee cannot, however, perform overtime work without the employer's knowledge or contrary to the employer's directions and then assert a right to be paid." *Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 663 (S.D. Tex. 2013) (Lake, J.), *aff'd*, 555 F. App'x 372 (5th Cir. 2014). If the employer was neither aware nor on notice that the employee was working overtime, then no violation of the FLSA's overtime provision has occurred. *Harvill,* 433 F.3d at 441 (citing *Newton,* 47 F.3d at 748).

Pickney has not met his summary judgment burden because he has failed to provide record evidence that he daily worked through lunch for the 2 ½ years he was employed at Express Auto. The defendant has come forward with payroll records as well as declarations from other employees, including one from Jeremiah Cooper, an on-site supervisor, establishing that the plaintiff took lunch each day and that a time sheet deduction was made for the break pursuant to the company's written policy. Pickney himself admits that he received and read a copy of the handbook when he was hired, and that he became aware of the lunch policy sometime in 2011.

The handbook is clear that an employee's lunch break was an automatic deduction so long as the employee worked a seven-hour day. The plaintiff has not refuted this policy with evidence to show, as he implied at his deposition, that employees were expected to clock out when they took lunch. Employees were required, however, to report to the corporate office any missed lunch break and provide an accompanying explanation. Although Pickney claims that the handbook must have been revised—presumably after he was hired—to include the lunch provisions, he has not supported that conclusion with any evidence. Pickney further admits that despite being aware of the policy, he never complained about missing lunch and never demanded a time sheet adjustment for those hours. Pickney's admissions and conclusory allegations simply

fail to rebut Express Auto's evidence that it had no actual or constructive knowledge that he worked through lunch on a daily basis.

Because Pickney has not established that he actually worked through lunch, or that Express Auto was aware that he worked the alleged overtime hours without being compensated, it is impossible to ascertain the amount and extent of alleged overtime work by just and reasonable inference. The plaintiff's unsupported assertions altogether fail to raise any genuine issue of material fact for trial. Absent this showing, he cannot withstand summary judgment.

## VI.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is GRANTED.

It is so **ORDERED**.

SIGNED on this 25th day of September, 2014.

_____
Kenneth M. Hoyt
United States District Judge